**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JUAN REYES DOMINGUEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,<br><br>Respondent. | ) | No. 2:26-cv-03142-SHL-tmp |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On September 3, 2026, Petitioner Juan Reyes Dominguez filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] (ECF No. 1.) He challenges his continued detention without a bond hearing. (Id. at PageID 2.) Petitioner Reyes Dominguez is a citizen of Mexico. (Id. at PageID 3.) He states that he first entered the United States in 1998 as a minor, and he has resided here continuously. (Id.) He is the primary provider for his family, which consists of his partner and four children—all of whom are U.S. citizens. (Id.) Petitioner Reyes Dominguez has "zero criminal record," and was seized by ICE in a "mass enforcement operation" in August 2026. (Id. at PageID 1.) He is detained at the West Tennessee Detention Facility. (ECF No. at PageID 2.) He seeks immediate release or a bond hearing. (Id. at PageID 1–2.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the

[1] On September 14, Petitioner filed an Emergency Motion for Order to Show Cause, seeking an order directing Respondent to show cause, or an order granting his Petition. (ECF No. 4.) The Motion is **GRANTED** to the extent this Order directs Respondent to respond, and it is **DENIED** as to granting the petition.

interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) Within **three business days** of the filing of this Order, Petitioner shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2) Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply within **three business days** after Respondent's responsive filing.

(4) Respondent shall not transfer him out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 25th day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE